**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Leiskerht Alberto RIVERO SEIJAS,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| **v.** | : | **NO. 2:26-cv-07805-AMP** |
| **Warden PHl. FDC J.L. JAMISON, et al.,** | : | |
| **Respondents.** | : | |

# ORDER

**AND NOW**, this 16th day of October 2026, upon consideration of Petitioner Leiskerht A. Rivero Seijas's Petition for Writ of Habeas Corpus (ECF No. 1) (the "Petition") and Respondents' Response in Opposition to the Petition (ECF No. 4), it appears from the Petition that the Petitioner is not entitled to relief, the Court finds that a hearing would not aid in the decisional process, and the Petition is **DENIED**, as follows:[1]

1. This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Leiskerht Alberto Rivero Seijas, a Venezuelan national, who challenges his re-arrest and re-detention by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. Petitioner entered the United States in September 2022 and was released by immigration authorities on humanitarian

[1] While the Court has considered the Government's Response to the Petition, filed earlier today, the Court did not direct the Government to respond to the Petition because the Court concluded, based on the facts set forth in the Petition, that Petitioner was not entitled to relief. *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.") (emphasis added). While the additional information contained in the Government's Response confirms the Court's conclusions, the Court would have reached the same outcome on the basis of the Petition alone.

parole. *Id.* ¶¶ 18-19, 33. Petitioner had Temporary Protected Status and has a pending asylum application. *Id.* ¶ 21. Petitioner attended annual ICE check-ins and during his fourth check-in on October 7, 2026, Petitioner was arrested by ICE. *Id.* ¶¶ 21-22. The warrant of arrest and Petitioner's Notice to Appear charging him "as a noncitizen present in the United States without admission or parole" were issued on the same day. *Id.* ¶¶ 22-23. Petitioner also received notice of his custody determination and of his right to request an immigration judge review of that custody determination. *See* ECF No. 4-1. Petitioner acknowledged receipt but did not select whether he requests an immigration judge to review his custody determination. *See id.*

2. In the Petition, Petitioner first contends that exhaustion should be excused because it is futile. *See* ECF No. 1 ¶¶ 25-27. Petitioner then challenges the constitutionality of his re-arrest and re-detention under the Due Process Clause. Specifically, Petitioner contends that his re-arrest and re-detention "without advance notice, an explanation of the individualized grounds for renewed detention, or an opportunity to contest those grounds before a neutral decisionmaker . . . violates the procedural component of the Fifth Amendment Due Process Clause." *See id.* ¶¶ 47-48. And that his continued detention violates substantive due process because "ICE identified no circumstances showing that he presents a danger or flight risk requiring confinement." *See id.* ¶¶ 51-52. In addition to his constitutional arguments, Petitioner maintains that Respondents have departed from custody procedures and agency practice "by re-detaining him without identifying any materially changed circumstance[s]" in violation of the *Accardi* doctrine. *See id.* ¶¶ 55-57. The Court will address each in turn.

3. The Court first finds that Petitioner must exhaust his administrative remedies and has failed to do so. "In general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *See Ubaid v. Jamison*, No. 26-cv-2681,

2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (quoting *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009) (per curiam)); *see also Beradze v. Jamison,* No. 26-07111, 2026 WL 2859721, at *1 (E.D. Pa. Sept. 23, 2026) (citing *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (explaining the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241")). Petitioner believes that exhaustion is futile because his claim "challenges the legality of the deprivation itself, not merely the discretionary custody determination." ECF No. 1 ¶ 26. The Court disagrees. "[M]erely because an argument is couched 'in the language of procedural due process' does not qualify it for [the] exception" to exhaustion. *Okorafor v. Att'y Gen. of U.S.*, 787 F. App'x 808, 810 (3d Cir. 2019) (citing *Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005)). As explained in more detail below, the Court finds that Petitioner's arrest and continued detention are constitutional, provided that he has the right to receive an individualized bond hearing contemplated by Section 1226(a) and its implementing regulations, if he so requests one. The Court notes that Petitioner did not select whether he requests an immigration judge to review his custody determination, and so a bond hearing has not been scheduled. *See* ECF No. 4 at 2, 4; *see also* ECF No. 4-1. However, "[i]n the future, Petitioner can request an initial bond redetermination at any time, and it will be scheduled by the immigration court." *See* ECF No. 4 at 2-3 (citing 8 C.F.R. § 1003.19(b)). A bond hearing with an appeal to the Board of Immigration Appeals would provide Petitioner with the individualized review of his detention that it appears he is seeking. Whether he chooses to exercise his right to a bond hearing is up to him.[2]

---

[2] The Court is aware of the risk that Petitioner may be moved to a jurisdiction where such individualized bond hearings are not offered under the prevailing interpretation of the law in those circuits. Therefore, the Court will order that denial of the Petition is conditioned upon the Government's undertaking to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), and appeal to the Board of Immigration Appeals in the event of an adverse determination, if requested.

4. As for Petitioner's constitutional challenge, the Court finds that Petitioner is not entitled to relief on substantive due process grounds. Petitioner appears to assert a non-enumerated substantive due process right to be free from re-detention and continued detention absent a change in circumstances showing that he is a danger or flight risk. ECF No. 1. ¶¶ 3, 51-52. It is black letter law that "[f]reedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). But, in *Giorgi Vakhtangadze v. J.L. Jamison*, this Court observed the lack of historical evidence that the right to be free from re-detention absent a material change in circumstances is deeply rooted in this Nation's history and tradition, and concluded that there is no substantive due process right to be free from re-detention absent a material change in circumstances. No. 26-cv-6630, 2026 WL 2969613, at *4 (E.D. Pa. Oct. 2, 2026). The result is no different here and Petitioner is not entitled to relief on substantive due process grounds.

5. For the same reasons articulated by this Court in *Vakhtangadze*, Petitioner is also not entitled to relief based on procedural due process. Petitioner contends that his re-arrest and re-detention "required notice of the asserted grounds for renewed detention and a meaningful opportunity to contest them before a neutral decisionmaker." ECF No. 1 ¶ 42; *see also id.* ¶¶ 3, 46-48. On balance, the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) factors demonstrate that Petitioner is not entitled to notice and a hearing prior to being re-detained because the right to an individualized bond hearing under Section 1226(a) and its implementing regulations within a reasonable time after Petitioner's detention is adequate under the Due Process Clause. *See Vakhtangadze*, 2026 WL 2969613, at *5-7. Because Petitioner has a right to an individualized bond hearing, the Court finds that Petitioner is not entitled to relief on procedural due process grounds.

6. Finally, with respect to the *Accardi* doctrine premised on a violation of 8 C.F.R. § 236.1, the relevant question on habeas review "is whether Petitioner is presently 'in custody in violation of the Constitution or laws or treaties of the United States,' and not whether ICE's paperwork could have been more complete at the moment of arrest." *Vakhtangadze*, 2026 WL 2969613, at *7 (citations omitted). It is undisputed that a warrant was issued for Petitioner's arrest, and that that he is currently in custody pursuant to that warrant. Accordingly, his arguments fail in this respect as well.

For the foregoing reasons, it is **HEREBY ORDERED** that:

1. The Petition is **DENIED**;

2. Denial of the Petition is conditioned on the Government's undertaking to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), and appeal to the Board of Immigration Appeals in the event of an adverse determination, if requested. If the Government fails to provide such process, Petitioner may apply to this Court for appropriate relief; and

3. The Clerk of Court is **DIRECTED** to **CLOSE** the case.

/s/ Antonio M. Pozos_____
**ANTONIO M. POZOS, J.**